**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER LUMPKIN,

      Petitioner,                         Civil Action No. 5:08-CV-10304
v.                                     HONORABLE JOHN CORBETT O'MEARA
                                            UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent,
_____/

**OPINION AND ORDER REQUIRING RESPONDENT TO FILE A SUPPLEMENTAL
ANSWER WITHIN THIRTY DAYS OF THE COURT'S ORDER**

      Petitioner filed a *pro se* habeas petition on January 22, 2008, in which he challenges his state court convictions for armed robbery and carjacking. In his original petition, petitioner raised five claims for relief. Petitioner claimed that the trial court erred in giving the jurors an instruction on aiding and abetting, that his convictions for armed robbery and carjacking violate the Double Jeopardy Clause, that petitioner was deprived of a fair trial because of prosecutorial misconduct, that petitioner was deprived of the effective assistance of trial counsel, and that petitioner was deprived of the effective assistance of appellate counsel.

      On April 23, 2008, petitioner filed an amended petition for habeas relief, in which he raised two claims for habeas relief alleging the ineffective assistance of trial and appellate counsel, but did not mention the other three claims that were raised in the original petition. On July 28, 2008, respondent filed an answer to the petition for writ of habeas corpus, in which he addressed only the two claims raised by petitioner in his amended petition. On January 23, 2009, the Court granted petitioner's motion to

1

amend the petition.

On May 22, 2009, the Court issued an order requesting petitioner to clarify whether he wished to advance the five claims that are contained in his original petition or whether he wishes to seek habeas relief only on the two claims that are discussed in his amended petition for writ of habeas corpus.  On June 3, 2009, petitioner filed a response to the order of clarification, in which he indicated that he wished to advance the five claims that he raised in his original petition.  As mentioned above, respondent failed to address all of the claims contained in the original petition in their answer.

An answer to a habeas petition is not like an answer to a civil complaint.  It should respond to the allegations of the habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 608-09 (D.N.J. 1998).  Thus, an appropriate response is an answer which responds to each allegation contained in a habeas petition. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).  "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(Cohn, J.)(*citing to Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). Without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Id.* at 921.  Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story", i.e. the state court proceedings, which are necessary to properly

adjudicate the habeas petition. *Id.*

The Court will therefore order respondent to file a supplemental answer to the petition for writ of habeas corpus within thirty days of the Court's order which addresses all of the claims that were contained within the original petition.  A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu*, 997 F. Supp. at 610.  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

## ORDER

**IT IS HEREBY ORDERED** that Respondent shall file a Supplemental Answer to the Petition for Writ of Habeas Corpus within **thirty (30) days** of the Court's order which addresses all of the claims contained within petitioner's original habeas petition.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated:  June 15, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 15, 2009.

S/G. Wilson  
Judicial Assistant